548 S.E.2d 218

**In the Matter of Jasper County Magistrate Donna D. LYNAH, Respondent.**

**No. 25306.**

Supreme Court of South Carolina.

Submitted May 25, 2001.

Decided June 11, 2001.

Henry B. Richardson, Jr. and Deborah S. McKeown, both of Columbia, for the Office of Disciplinary Counsel.

R. Thayer Rivers, Jr., of Ridgeland, for respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and Disciplinary Counsel have entered into an agreement pursuant to

Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of any of the stated sanctions set forth in Rule 7(b), RJDE, Rule 502, SCACR. We accept the agreement and suspend respondent for nine months, retroactive to October 6, 2000, the date she was placed on interim suspension. *See In the Matter of Lynah*, 342 S.C. 617, 539 S.E.2d 60 (2000).

The facts as set forth in the agreement are as follows. On or about July 29, 1999, respondent, while serving in her capacity as a Jasper County Magistrate, issued an order which purported to give public notice, pursuant to S.C.Code Ann. § 29–15–10 (1991), of a judicial sale of a motor vehicle for "accrued charges" allegedly due Jasper County Magistrate Joyce Lynn Leavell. Although Judge Leavell was not the proprietor, owner or operator of any storage place, garage, or repair shop, as required in order to be granted relief under section 29–15–10, and although no judicial sale was actually conducted, respondent subsequently issued a Magistrate's Bill of Sale which stated she had sold the motor vehicle at public auction for $30 and that the buyer was Judge Leavell. Respondent was aware that the motor vehicle in question was worth far more than $30. Moreover, in further violation of section 29–15–10, respondent failed to advertise the sale, and she issued the Bill of Sale without any evidence that Gary Brown, holder of record title to the motor vehicle, had been given written notice by Judge Leavell that she was claiming a lien on the motor vehicle. In issuing the Bill of Sale, respondent knew Judge Leavell was not seeking to recover the costs of repairs to or storage of the motor vehicle, but that she was simply seeking to obtain a certificate of title to the motor vehicle. Judge Leavell did in fact use the Bill of Sale to obtain a certificate of title to the motor vehicle from the South Carolina Department of Revenue.

Brown has since filed a civil action against Judge Leavell concerning the motor vehicle. Respondent and Judge Leavell were both charged with misconduct in office. Judge Leavell was also charged with breach of trust. The arrest of the judges received widespread media attention and acted to discredit the judiciary in the State of South Carolina. Respondent maintains she signed the Notice of Judicial Sale and the Magistrate's Bill of Sale at the request of Judge Leavell,

who was respondent's supervisor, and after certain representations were made to respondent by Judge Leavell. The charges against respondent have been dismissed and she is cooperating fully in the investigation of this matter by the State Law Enforcement Division, the Office of Disciplinary Counsel, and the Fourteenth Circuit Solicitor's Office.

By her conduct, respondent has violated the following canons set forth in the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (a judge shall uphold the integrity and independence of the judiciary); Canon 2 (a judge shall avoid impropriety in all of the judge's activities); Canon 3 (a judge shall perform the duties of judicial office impartially and diligently). These violations also constitute grounds for discipline under Rule 7(a)(1), RJDE, Rule 502, SCACR.

In our opinion, respondent's conduct warrants a suspension from her judicial duties for nine months. Accordingly, we hereby suspend respondent for nine months, retroactive to October 6, 2000, the date of her interim suspension.

DEFINITE SUSPENSION.